UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.  04-10098-WGY |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1. MANUEL MENDES | ) | 21 U.S.C. § 846 -- |
| 2. CHRISTOPHER T. CUSTER | ) | Conspiracy to Distribute, and |
| 3. CARMEN FIGUEROA | ) | to Possess With Intent To |
| 4. DESIREE ALVES | ) | Distribute, Cocaine Base |
| 5. WILLIAM TEJEDA | ) | |
| 6. JENNIFER PAVAO | ) | |
| | ) | Criminal Forfeiture |

<u>SUPERSEDING INDICTMENT</u>

COUNT ONE:   (21 U.S.C. §846 - Conspiracy To Distribute, and To Possess With The Intent To Distribute, Cocaine Base)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but at least by in or about January, 2003, and continuing to March 16, 2004, at Hyannis, Bourne, West Yarmouth, and elsewhere in the District of Massachusetts, in Manhattan and the Bronx, in the Southern District of New York, and elsewhere,

    1. MANUEL MENDES
    2. CHRISTOPHER T. CUSTER
    3. CARMEN FIGUEROA
    4. DESIREE ALVES
    5. WILLIAM TEJEDA
    6. JENNIFER PAVAO

defendants herein, did knowingly and intentionally conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine base, also known as "crack

cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

The Grand Jury further charges that the conspiracy involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack cocaine," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

All in violation of Title 21, United States Code, Section 846.

## **FORFEITURE ALLEGATION**
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count One of this Indictment,

        1. **MANUEL MENDES**
        2. **CHRISTOPHER T. CUSTER**
        3. **CARMEN FIGUEROA**
        4. **DESIREE ALVES**
        5. **WILLIAM TEJEDA**
        6. **JENNIFER PAVAO**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. Such property includes, but is not limited to:

(a) $10,550 in United States currency, seized from 299 Camp Street, West Yarmouth, Massachusetts on March 16, 2004;

(b) $1,000 in United States currency seized from the possessions of CARMEN FIGUEROA on March 16, 2004;

(c) $1,309 in United States currency seized from the possession of WILLIAM TEJEDA on March 16, 2004;

(d) $50,000 in United States currency seized from safe deposit box on March 18, 2004;

(e) one gold chain and one bracelet seized from safe deposit box on March 18, 2004;

(f) $15,300 in United States currency, seized from Toyota Camry on March 16, 2004;

(g) Green Infinity Q45 sedan, bearing vehicle number ("VIN") JNKNG01D8SM300236. The vehicle currently

        is assigned Massachusetts Registration number 3526LP and is registered to Carmen L. Figueroa, 90 Sandwich Road, Bourne, Massachusetts.

   (h)   jewelry seized from the possession of Christopher Custer on March 16, 2004, including one gold Geneve watch and one man's diamond ring.

   (i)   one gold chain with large cross with diamonds, seized from the premises of 18 Murphy Road, Hyannis, MA 02601 on March 16, 2004.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

/s/ William [signature]
FOREPERSON OF THE GRAND JURY

/s/ [signature]
Susan M. Poswistilo
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; May  13 , 2004. @ 2:57

Returned into the District Court by the Grand Jurors and filed.

/s/ Rex Brown
DEPUTY CLERK