UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET 04-10098-WGY

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| MANUEL MENDES, | ) |
|     Defendant | ) |
| | ) |

**DEFENDANT MANUEL MENDES'S MOTION TO EXCLUDE PRIOR CONVICTION PURSUANT TO TITLE 21 U.S.C. SEC. 851**

      On April 1, 2004, the Government filed an information pursuant to Title 21 U.S.C. sec. 851, stating that it would submit the Defendant's prior conviction of February 13, 2002 (Trafficking a Controlled Substance, Cocaine, in violation of M.G.L. Ch. 94 sec. 32E(b)(2)) to enhance the defendant's sentence. The Defendant now moves that the Court exclude this conviction.

      As grounds, the Defendant states that the conduct forming the basis of the two counts in the superseding indictment comprising of Conspiracy to Distribute Cocaine and Distribution of Cocaine and the February 13, 2002 conviction in the Barnstable Superior Court of Trafficking a Controlled Substance, Cocaine, in violation of M.G.L. Ch. 94 sec. 32E(b)(2) encompassed the same geographical area, time frame, individuals and the same type of drug within the scope of the same conspiracy. Specifically, the conduct forming the basis for the superceding indictment contained a timeframe lasting approximately from a date unknown but at least by on or about January 2003 continuing to March 16, 2004. The conduct forming the basis of the Barnstable County conviction contained a time frame which overlapped with the time frame alleged in the superseding indictment. Both offenses involved the same geographic area: Cape Cod, Southeastern Massachusetts and New York City; the same individuals: Manuel Mendes, Christopher T. Custer, Carmen Figueroa, Desiree Alves, William Tejeda, and Jennifer Pavao; the same type of drug (cocaine base); and had been ongoing from the time prior to the superseding indictment and was the same conspiracy for which the defendant was convicted in Barnstable Superior Court on February 13, 2002. Special agent Balcom also indicated throughout his affidavit submitted to the Court in support of a wire intercept that this was the same ongoing organization which continued to operate. See hereto attached Exhibit A, Affidavit of Sean E. Balcom, Task Force Agent D.E.A., Paragraph 22, Page 14 as well as Paragraph 25, Page 15.

  The Government now seeks to use Mr. Mendes's conviction of February 13, 2002 arising from the scope of the same conspiracy alleged in the superseding indictment to enhance his sentence pursuant to 21 U.S.C. 841(b) following a jury's guilty verdict. The defense maintains that this is improper since the prior conviction arose from the same time frame, geographical location, involved the same individuals, involved the same drug as manifested in the present conspiracy in the superseding indictment and as such is not a distinct criminal event. "Prior felony drug convictions will be counted separately for the purpose of 21 U.S.C. 841(b) only when the represent distinct criminal episodes." <u>United States v. Pedro De Jesus Mateo</u>, 373 F.3d 70 (1st Cir. 2004), quoting <u>United States v. Martinez-Medina</u>, 270 F.3d 105, 123 (1st Cir. 2002). Accordingly, the Defendant argues that the prior conviction should be excluded pursuant to 21 U.S.C. 851 and 21 U.S.C. 841.

                Respectfully submitted,
                 By his attorney


                 /s/ Thomas J. Ford__
                 Thomas J. Ford
                 BBO # 174640
                 141 Tremont Street
                 Suite 400
                 Boston, MA 02111
                 (617) 542-6082