```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )     Criminal No.
                               )     04-10098-WGY
       v.                      )
                               )
MANUEL MENDES,                 )
                               )
       Defendant.              )
```

**UNITED STATES' OPPOSITION TO DEFENDANT**
**MENDES' MOTION TO EXCLUDE PRIOR CONVICTION**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, opposes the motion of the defendant, Manuel Mendes, to exclude prior conviction, and submits this memorandum in support of its opposition.

**STATEMENT OF THE CASE**

The defendant, Manuel Mendes ("Mendes"), was charged and convicted of a violation of Title 21, United States Code, Section 846 and 841(b)(1)(A)(iii), conspiracy to distribute, and to possess with intent to distribute, cocaine base.  The conspiracy involved over 50 grams of cocaine base.  Pursuant to Title 21, United States Code, Section 851, the United States filed an Information notifying Mendes that, at sentencing, the government intended to seek an increased punishment due to the fact that Mendes has a prior drug conviction.  Because of the § 851 Notice, and pursuant to Section 841(b)(1)(A), Mendes faces a minimum mandatory sentence of 20 years.

Mendes maintains that he is not subject to the 20 year

minimum mandatory sentence because the drug activity forming the basis of this conviction is the same for which he was convicted on February 13, 2002 by the Commonwealth of Massachusetts. In support of his motion, Mendes claims that the time frame of the two criminal activities overlapped and that the participants and the type of drug were the same.

    Mendes is incorrect both legally and factually. Factually, he is incorrect because the time frame of the two crimes is different and the actors in the two crimes are different. With respect to his state conviction, Mendes was convicted on February 13, 2002, for criminal activity that occurred on or around April 24, 2000. The criminal activity with respect to the instant conviction did not begin until January, 2003. Mendes claims that his first conviction involved the same individuals. There is no basis for this statement. First, Mendes was not convicted of a conspiracy in the State, and there is no evidence that it involved any other individuals at all, let alone the same ones convicted in this proceeding. Further, the evidence in the instant proceeding is clear that two of the main conspirators, Carmen Figueroa and Desiree Alves, were not asked to participate in Mendes' drug business, or share in the drug proceeds, until January 2003. The evidence further shows that Amanda Eldridge, another women recruited by Mendes to pick up drugs from co-defendant William Tejeda ("Tejeda") on his behalf, also went to

meet Tejeda with Mendes' brother, while Mendes was incarcerated. Eldridge did not do this prior to Mendes' incarceration. Thus, it is clear that while both activities may have involved the trafficking of illegal narcotics, the participants, the timing and the modus operandi were different.

## **ARGUMENT**

Section 841(b)(1)(A) provides that if a person commits an offense under that section after having a prior felony drug conviction, that individual is subject to a minimum mandatory sentence of 20 years and a maximum sentence of life. 21 U.S.C. § 841(b)(1)(A). Under the law of the First Circuit, prior drug convictions are counted separately under § 841(b)(1)(A) when they represent "distinct criminal episodes." United States v. Martinez-Medina, 279 F.3d 105, 123 (1st Cir. 2002), *citing*, United States v. Gillies, 851 F.2d 492, 497 (1st Cir. 1988).

In Martinez-Medina, the defendant, who was convicted of narcotics offense, argued that all of her convictions, both the current and past, represented a single episode of ongoing criminal conduct, and therefore should not be considered separately. The First Circuit rejected this argument and recognized that narcotics trafficking may involve many criminal episodes, each of which constituted a discrete occurrence. The Court aptly recognized that:

> The fact that all [criminal episodes] are related, part of a series, or part of a continuous course of criminal dealing, does not necessarily render them a "single" criminal episode, particularly where the episodes occur over time. To so hold would insulate the very career criminals the statute is designed to reach-those continuously engaged in criminal conduct.

The First Circuit reaffirmed its holding in <u>United States v. Jesus Mateo</u>, 373 F.3d 70 (1st Cir. 2004). In this case, the defendant argued that because his prior drug convictions occurred during the time period and in the geographic location of the charged federal conspiracy, the convictions represent "the same criminal conduct" as the charged conspiracy, and therefore, the enhanced penalty did not apply. The Court noted that De Jesus' prior drug convictions were eleven months prior to the federal conviction and were for separate transactions. The Court again cited to <u>Martínez-Medina</u> in stating that related criminal episodes that are part of a series or of a continuous course of conduct do not render them a single criminal episode. <u>Id.</u> at 74.

This case is no different. In February, 2002, Mendes was convicted of trafficking in narcotics. The actual offense occurred two years before his conviction - on April 21, 2000. Mendes had been incarcerated since February, 2002, and his current crime commenced in January 2003. Thus, he was arrested, indicted, and found guilty of the first offense, served 6 months

4

on an 8-10 year sentence, before he embarked on the instant offense.

Further, contrary to Mendes' assertion that his prior and his instant offenses involved the same time frame, geography, and people, that is just not so. Because Mendes was in prison, he could not touch the drugs himself, so he enlisted the support of his family and friends. He recruited Amanda Eldridge, Desiree Alves and Carmen Figueroa. He used the telephones and directed the operation from inside the prison walls. Indeed, the only similarity between the state offense and the instant offense is Mendes, himself. This is exactly the type of concern highlighted by the First Circuit in <u>Martinez-Medina</u> when it recognized that those career criminals who are "continuously engaged in criminal conduct" should not be insulated from the enhanced penalties solely because their current crimes are "related, part of a series, or part of a continuous course of conduct." <u>United States v. Martinez-Medina</u>, 373 F.3d at 74.

Accordingly, Mendes' 2002 state conviction is applicable for purposes of the enhanced penalties set forth in § 841(b)(1)(A).

**CONCLUSION**

Based upon the foregoing, Mendes' motion to exclude prior conviction should be denied.

```
                        MICHAEL J. SULLIVAN
                        United States Attorney


                   By:  /s/ Susan M. Poswistilo
                        SUSAN M. POSWISTILO
                        Assistant U.S. Attorney
```

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: 04/03/2006        /s/ Susan M. Poswistilo
                         Susan M. Poswistilo