04-10098
USDCMA
Judge Young

# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-1822

UNITED STATES,

Appellee,

v.

CHRISTOPHER CUSTER,

Defendant, Appellant.

No. 06-2049

UNITED STATES,

Appellee,

v.

MANUEL LAMONT MENDES,

Defendant, Appellant.

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

JUDGMENT

Entered: May 17, 2007

Defendants-appellants Manuel Lamont Mendes and Christopher Custer pled guilty in the United States District Court for the District of Massachusetts to participation in a cocaine conspiracy. Measuring their sentences according to the United States Sentencing Guidelines' provisions applicable to crack cocaine, U.S.S.G. § 2D1.1, the district court imposed prison terms of thirty-five years

on Mendes and twenty-five years on Custer.

Mendes contends that his guilty plea was the product of confusion and uncertainty about the guideline range that would follow from the determination of his criminal history category, and that his acquiescence to a plea exposing him to the uppermost 360-months-to-life bracket was unwitting. In fact, the transcript of his plea hearing establishes that Mendes was specifically warned that he could fall into the uppermost sentencing bracket.

Custer argues that the evidence of his supervisory role in a conspiracy of five or more persons was inadequate to support the enhancement of his sentence under the Sentencing Guidelines. Testimony from Custer's co-defendant and girlfriend, Jennifer Pavao, established that she followed Custer's directions to drive him to various customer deliveries on Cape Cod in evening hours when his driving license was restricted, and did so with subjective awareness that he was selling drugs. Custer's presentence report, unrebutted by any positive evidence from Custer, adequately establishes that the subject cocaine conspiracy involved no less than five persons. See United States v. Cyr, 337 F.3d 96, 100 (1st Cir. 2003). The factual predicates for Custer's sentencing enhancement were satisfied.

Custer further asserts that the district court disregarded rehabilitation under 18 U.S.C. § 3553(a)(2)(D) when determining his sentence, and imposed a prison term that was disproportionately more severe than those imposed on two co-defendants who went to trial instead of pleading guilty. Custer's sentencing transcript shows the district court specifically acknowledging rehabilitation as a consideration, but concluding that the prison term adequate to meet other sentencing criteria was too long to facilitate rehabilitation. The district court's conclusion that a long prison term is at odds with rehabilitation comports with the statutory law, and in no way impugns the decision to impose such a term. See 18 U.S.C. § 3582(a) ("imprisonment is not an appropriate means of promoting correction and rehabilitation."); id. § 994(k) ("The Commission shall insure that the guidelines reflect the inappropriateness of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment."). As for sentencing disparity, Custer does not even suggest that he was similarly situated to his co-defendants in terms of criminal history or other relevant factors.

Both defendants submit that their convictions for transacting in "cocaine base" should not have exposed them to the sentencing guideline provisions applicable to "crack" cocaine. We have consistently rejected arguments in this vein. See United States v.

Allen, 469 F.3d 11, 17 (1st Cir. 2006)(citing cases).

The judgments are affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Chief Deputy Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*M. Queschel*
Deputy Clerk

Date: 6/8/07

[cc: Susan Poswistilo, AUSA, Nancy Rue, AUSA, Dina Michael Chaitowitz, AUSA, Jennifer Zacks, AUSA, Mark David Smith, Esq., David Shaughnessy, Esq.]